DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:12-CR-439-PMP-(PAL) |
| EMMANOUIL VARAGIANNIS, (aka Manny Varagiannis), | ) ) ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF THE PROPERTIES AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court for an Order for an Interlocutory Sale of the following properties: Real Property located at 6225 Bellota Drive, Las Vegas, NV Clark County parcel number 138-23-710-017; and Real Property located at 2661 Red Rock Street, #101, Las Vegas, NV Clark County parcel number 163-12-110-021, including all structures, appurtenances, and improvements thereon ("properties"). Through the Interlocutory Order of Sale, the United States requests this Court to authorize Emmanouil

Varagiannis aka Manny Varagiannis ("Varagiannis") to sell the real properties through a real estate agent with the United States and Varagiannis reviewing, coordinating, and approving together the sale contracts Varagiannis enters into with the real estate agent and the contracts that accept the offers of sale of the real property.

The grounds for issuing the Order for an Interlocutory Sale are the parties have agreed and this Court is authorized to approve the interlocutory sales.  This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 25th day of April, 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. STATEMENT OF THE CASE**

    **A. Procedural History**

Emmanouil Varagiannis ("Varagiannis") pled guilty to a One-Count Superseding Criminal Information charging him with Evasion of Payment in violation of 26 U.S.C. § 7201.  This Court entered the Preliminary Order of Forfeiture on April 9, 2014, forfeiting Real Property located at 6225 Bellota Drive, Las Vegas, NV Clark County parcel number 138-23-710-017; and Real Property located at 2661 Red Rock Street, #101, Las Vegas, NV Clark County parcel number 163-12-110-021, including all structures, appurtenances, and improvements thereon ("properties").

    **B. Statement of Facts**

Varagiannis agreed to the interlocutory sale of the properties.  The net sale proceeds of the properties will be applied to taxes, penalties, and interested owed by Varagiannis with the remainder, if any, to be forfeited to the United States.  Varagiannis' wife, Amy Varagiannis, agreed to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the properties and agreed the net sale proceeds of the properties will be applied to taxes, penalties, and interested owed by Varagiannis with the remainder, if any, to be forfeited to the United States.  On April 21, 2014, this court granted the Settlement Agreement for Entry of Order of Forfeiture as to Amy Varagiannis.  The purpose of the interlocutory sale of the properties is to protect the real properties, preserve the value of the real properties, and expedite the sale of the real properties.

**II. ARGUMENT**

This Court has authority to issue the Interlocutory Order of Sale.  Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales.  "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).  The United States may move this Court to order the above-mentioned "property sold if:"

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D).  Varagiannis may sell the real properties if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made ... by any person the court designates.").  The United States and Varagiannis agree that Varagiannis sells the real properties through a real estate agent with the United States and Varagiannis reviewing, coordinating, and approving together the sale contracts Varagiannis enters into with the real estate agent and the contracts that accept the offers of sale of the real properties, if this Court so orders. Supplemental Rules G(7)(b)(iii) (explaining that if "all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures" the real property can be sold according to the agreement and the court order).

Additional laws also support this motion.  This Court "may … take any other action to preserve the availability of [the] property… for forfeiture…", including an interlocutory order of sale. 21 U.S.C. § 853(e).  "Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g).

The sale proceeds of the real properties will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv).  "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id*.

**III.  CONCLUSION**

The United States respectfully requests that this Court order the interlocutory sale of the real properties under the following four reasons (1) the properties are perishable and are at risk of deterioration, decay, and injury; (2) the expense of keeping the properties is disproportionate to their fair market value; (3) the properties are subject to liens and to taxes on which the owner is in default; and (4) the court finds other good cause.  Varagiannis agrees to the interlocutory sales of the properties.  The United States and Varagiannis agree that Varagiannis will sell the real properties through a real estate

agent with the United States and Varagiannis reviewing, coordinating, and approving together the sale contracts Varagiannis enters into with the real estate agent and the contracts that accept the offers of sale of the real properties.  By authorizing the interlocutory sale as discussed above, this Court will protect the real properties, preserve the value of the real properties, and expedite the sales of the real properties.

Dated this 25th day of April, 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney


*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: April 28, 2014

5

**PROOF OF SERVICE**

I, Michelle C. Lewis, Paralegal, certify that the following individuals were served with copies of **THE UNITED STATES OF AMERICA'S MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF THE PROPERTIES, AND ORDER** on April 25, 2014, by the below identified method of service:

CM/ECF:

David T. Brown
Brown, Brown & Premsrirut
520 S 4th Street., 2nd Floor
Las Vegas, NV 89101
Email: master@brownlawlv.com
*Counsel for Emmanouil Varagiannis*

Richard Wright
Wright, Stanish & Winckler
300 S. Fourth Street, Suite 701
Las Vegas, NV 89101
Email: rick@wswlawlv.com
*Counsel for Emmanouil Varagiannis*

/s/ Michelle C. Lewis
MICHELLE C. LEWIS
Paralegal Specialist